The denial of a new trial was not error.
 DECIDED JANUARY 30, 1947.
T. Wayne Blanchard, a real-estate broker, sued L. Sachs, in the Civil Court of Fulton County, to recover $700. His petition alleged: That on February 21, 1946, certain described real estate in Atlanta, Georgia, owned by Bessie P. Leff, was listed with him for sale, at a price of $15,500; that on February 23, 1946, the petitioner took the defendant out and showed him said real estate, and the defendant asked him if the owner would take $14,000 for it; that *Page 728 
the petitioner, afterwards on the same date, secured consent from the owner to accept that amount, and presented to the defendant a sales contract in which it was stated that "the purchase-price of said property shall be fourteen thousand dollars, to be paid in cash;" that thereupon the defendant signed the contract, and as a part of the transaction gave to the petitioner the defendant's check, dated February 23, 1946, for $100, payable to the petitioner's order, and that on the same day the owner of the property signed the contract; that thereafter Moses Leff, attorney in fact for the owner of the property, stated to the petitioner that "the property would be sold pursuant to the terms of the contract, but suggested that the petitioner get an additional $400 as earnest money;" that "petitioner thereupon informed defendant of said suggestion, whereupon defendant instructed petitioner to bring said signed contract with him, together with the $100 check, and that he, defendant, would give petitioner a check for $500;" that the petitioner took the signed contract to the defendant and stated to him that the petitioner had gotten the owner of the property to sign the contract, agreeing to accept the sum of $14,000 for the property, and the petitioner further stated "I'll let you have the $100 check and you can give me a check for $500;" that the defendant thereupon, "forcibly and with intent to breach said contract, took out of petitioner's hands said $100 check and began to crush it up and to ruin it, stating, `I don't believe I want the property,' or words to that effect;" thereupon the petitioner stated to the defendant that he had signed a valid contract and was bound thereby, and later, "petitioner observed defendant completely tearing up and destroying said $100 check;" that on February 24, 1946, the defendant informed the petitioner that he would not buy the property; "that the sum of $700 commissions became due to petitioner by the defendant when defendant defaulted and breached said contract; and that by the failure of defendant to comply with said contract and agreement to take said land and pay the agreed purchase-money therefore, the defendant has injured and damaged petitioner in the sum of $700 as aforesaid." A copy of the contract, signed by the defendant and the owner of the property in question, was attached to the petition as an exhibit.
The defendant in his answer admitted that he looked at the property in question and asked the plaintiff if the owner would sell *Page 729 
it for $14,000, and the plaintiff said that he did not know, but that the defendant could make an offer, and he (plaintiff) would submit it to the owner; that the defendant made an offer, through the plaintiff, to purchase the property, but it was not accepted by the owner, and the defendant thereupon withdrew this offer, and no contract was ever entered into between the parties; and that the defendant is not indebted to the plaintiff in any amount whatsoever.
Upon the trial, after the submission of evidence by both parties, the judge, sitting without the intervention of a jury, rendered a judgment in favor of the defendant. The plaintiff's motion for a new trial was overruled, and that judgment is assigned as error.
Martin McFarland, for plaintiff. W. G. Grant, for defendant.
In our view of this case, under the evidence adduced, the defendant's liability to the plaintiff depended upon the question whether or not the defendant had withdrawn his offer to purchase the property in question prior to an unconditional and unequivocal acceptance of the offer by the owner of the property. On that question the evidence was in sharp conflict and would have authorized a finding for either party. Therefore, the finding of the judge, sitting as both judge and jury, was authorized by the evidence; and the general grounds of the motion for new trial are without merit.
The special grounds are merely elaborations of the general grounds and fail to show cause for another hearing of the case.
The cases cited in behalf of the plaintiff in error are differentiated from this case by their particular facts.
Judgment affirmed. MacIntyre and Gardner, JJ., concur.